United States District Court
Southern District of Texas
**ENTERED**
November 19, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS EARL BOONE; aka BOONE, | § | |
| | § | |
| Petitioners, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-184 |
| | § | |
| WILLIAM  STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the McConnell Unit in Beeville, Bee County, Texas.  Proceeding *pro se*, petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 23, 2015 (D.E. 1).[1]  Petitioner claims that his right to due process was violated in a disciplinary hearing held at the McConnell Unit which resulted in the imposition of punishment.   Petitioner also complains that the Texas Board of Pardons and Parole has failed to acknowledge the substantive due rights that prisoners have to be released on parole and that TDCJ-CID has failed to restore wrongfully forfeited good time credits.  Respondent filed a motion for summary judgment on October 5, 2015 (D.E. 41) to which Petitioner filed several

---

[1] Generally, if a petitioner states under penalty of perjury that he placed his petition in the prison mail system on a particular date, it is considered filed as of that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998) and Rule 3, Rules Governing Section 2254 Cases.  Petitioner in this case did not specify the date he placed his petition in the prison mail system, so it is considered filed on the date it was received in the clerk's office.

responses (D.E. 43, 44, 45, 46).   As discussed more fully below, it is respectfully recommended that Respondent's motion for summary judgment be granted and Petitioner's application for habeas corpus relief be denied.   It is further recommended that any request for a Certificate of Appealability be denied.

## JURISDICTION

Jurisdiction and venue are proper in this court because Petitioner is incarcerated in the Corpus Christi Division of the Southern District of Texas.   28 U.S.C. § 2241(d); *Wadsworth v. Johnson*, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving a sixty-year sentence for burglary of a habitation with intent to commit theft (Mot. for Sum. Jmt., Ex. A; D.E. 41-2).[2]   He does not complain about his holding conviction, but challenges the results of a disciplinary hearing.   He also challenges the constitutionality of various parole statutes.   In addition, Petitioner argues that he is entitled to restoration of more than 3,500 days of good time he has forfeited since 1993 when TDCJ changed its policy regarding restoration of good time.

In disciplinary case number 20140372890, Petitioner was accused and found guilty of assaulting a corrections officer by touching and grabbing her forearm without

---

[2] Petitioner also is subject to a ten-year sentence for possession of a deadly weapon in a penal institution, to be served upon completion of the sixty-year sentence (Mot. for Sum. Jmt., Ex. A; D.E. 41-2).

causing an injury (DHR at p. 1; D.E. 40-2 at p. 3).[3]   In the offense report, the officer stated that she was conducting a count and as she approached Petitioner's cell he reached outside the cell with his hand and touched and grabbed her left forearm.   The officer stepped back and told Petitioner to let go of her arm.   No chemical agents were used (DHR at 2; D.E. 40-2 at 4).   During the investigation of the offense Petitioner stated that he did not touch the officer (DHR at 3; D.E. 40-2 at 5).   Petitioner declined to attend the hearing (DHR at 1, 7; D.E. 40-2 at 3, 9).

Petitioner was found guilty based on the charging officer's report and the fact that Petitioner did not attend the hearing or refute the charge.   He was punished with the loss of various privileges, a reduction in Line Class from S4 to L2, and the loss of 300 days of good time (DHR at 1; D.E. 40-2, p. 3).

Petitioner filed a Step 1 grievance on September 8, 2014 in which he argued that the notice he received was not detailed enough to comply with TDCJ-CID rules for notice of disciplinary infractions.   Petitioner received a response telling him that the case had been reviewed and no procedural errors were noted (DGR at 1-2; D.E. 40-1, pp. 3-4). Petitioner filed a Step 2 grievance on September 11, 2014, contending that TDCJ does not have a rule prohibiting an inmate from touching an officer and also that nothing in the description of the incident indicated that he had assaulted the officer.   He reiterated his argument that the notice was insufficient because it did not contain enough details and did not list any witnesses who might testify against him.   Petitioner received a response

---

[3] "DHR" refers to the Disciplinary Hearing Record located at D.E. 40-2.  "DGR" refers to the Disciplinary Grievance Record, located at D.E. 40-1.

telling him that he had been given an opportunity to attend the hearing but had refused to do so.   The response also noted that the charge was appropriate for the offense of assaulting an officer without a weapon, that the guilty verdict was supported by a preponderance of the evidence, that all due process requirements were satisfied and that the punishment was within TDCJ-CID guidelines (DGR at 3-4; D.E. 40-1 at pp. 5-6).

Regarding the disciplinary charges, Petitioner argues that he did not receive due process because the notice he received was not detailed enough to satisfy the TDCJ-CID requirement that it include then names of all witnesses and a full statement of facts underlying the charges.  In Respondent's motion for summary judgment, he contends that Petitioner's claim fails to allege violation of a constitutional right.   Respondent also argues that Petitioner cannot bring his other claims in a habeas corpus petition and that they should be brought in a separate lawsuit pursuant to 42 U.S.C. § 1983.

## APPLICABLE LAW

### A.  Due Process Rights

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In *Sandin v. Conner*, 515 U.S. 472, 483-484 (1995), the U.S. Supreme Court described the limited instances in which a prison inmate can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [*Wolff v. McDonnell*, 418 U.S. 539, 94 (1974)] and [*Meachum v. Fano*, 427 U.S. 215 (1976)].  Following *Wolff*, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these

> interests will be generally limited to freedom from restraint which, while
> not exceeding the sentence in such an unexpected manner as to give rise to
> protection by the Due Process Clause of its own force, nonetheless imposes
> atypical and significant hardship on the inmate in relation to the ordinary
> incidents of prison life.

*Id*. (internal citations omitted).  The Supreme Court held in *Sandin* that confinement in

disciplinary segregation for twenty-three hours and ten minutes per day "did not present

the type of atypical, significant deprivation in which a state might conceivably create a

liberty interest."  *Sandin*, 515 U.S. at 486.  The Court focused on the nature of the liberty

interest at issue, finding that conditions of disciplinary segregation did not differ

significantly from conditions in administrative segregation and protective custody.  *Id*.

### 1.  Loss of Line Class

To the extent petitioner is complaining about a reduction in line class, he fails to

state a basis of relief.  Generally, a lower classification of line class limits an inmate's

ability to earn good time credits, which could have an effect on his eligibility for parole

and in turn, on the amount of time he is in custody.  Even so, "such speculative, collateral

consequences do not create constitutionally protected liberty interests."  *Luken v. Scott*,

71 F.3d 192 (5th Cir. 1995)(*citing Meachum v. Fano*, 427 U.S. 215, 229, n. 8 (1976)).

"'Prisoners have no protectable property or liberty interest in custodial classifications.'"

*Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(citing *Whitley v. Hunt*, 158 F.3d

882, 889 (5th Cir. 1998)).  *See also Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir.

2000)(holding that timing of inmate's release is too speculative to afford him a

constitutionally cognizable claim to the right to a particular time-earning status, which

right the Texas legislature has specifically denied creating). Thus, Petitioner cannot make out a habeas corpus claim based on his reduction in line class.

### 2. Loss of Good Time

Petitioner lost 300 days of good time. In Texas, some inmates are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison, not on parole, but under the supervision and control of the pardons and paroles division. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997)(citing Tex. Code Crim. P. Ann. art. 42.18 § 2(2)[4]). Prisoners earn good time credits which are added to their actual days served in prison to calculate their release date. Tex. Gov't Code Ann. §508.147 (Vernon 2012). The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory supervision program and therefore have a liberty interest with respect to their good time credit. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007).

Petitioner in this case is eligible for release to mandatory supervision (Ex. A to Mot. for Sum. Jmt., D.E. 41-2). Good time credits can only be taken from a prisoner in a manner that comports with due process. The Supreme Court described the process due a prisoner accused of a disciplinary infraction in *Wolff*, 418 U.S. at 564: (1) He must receive written notice of the charges; (2) He must be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals and (3) There must be a

---

[4] Currently located at Tex. Gov't Code Ann. §§ 508.001(5), 508.147.

written statement by the fact finder as to the evidence relied on and reasons for the decision.

Petitioner claims that the notice he received was insufficient and did not comport with TDCJ policy regarding notice of disciplinary proceedings. However, it is well-established in the Fifth Circuit that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)(citations omitted).

In order for Petitioner to make out a cause of action based on a violation of his right to due process, he would have to show that the notice was insufficient under *Wolff*. The purpose of the notice is to inform the inmate of the charges and enable him to marshal the facts and prepare a defense. *Wolff*, 418 U.S. at 564. Petitioner received the following notice: "On [August 23, 2014], and at E (B3-1 Row-21 Cell), Offender: Boone, Tommy Earl Jr., TDCJ-ID No. 00283484, assaulted K. Borgerson COIII by touching and grabbing my forearm. The assault did not result in any injuries." (DHR at 1; D.E. 40-2, p. 3). Petitioner has not described how this notice was insufficient or described any additional facts he needed in order to respond to the charge. Indeed, although Petitioner declined to attend the hearing, in his habeas petition he stated that he had accidentally touched the officer as he was lying on his bunk listening to music through his headphones and mindlessly putting his hands outside the bars of his cell. He said the officer must have bumped into his hands (D.E. 1, pp. 6-7). Petitioner clearly understood the nature of the charges against him and could have presented his version of

the facts if he had attended the hearing.  Petitioner also complains that the notice did not provide him with the names of witnesses, but the record does not indicate that there were any witnesses to the incident other than the charging officer.

In addition, Petitioner has not shown how any inadequacy of the notice prejudiced him and a habeas petition cannot be granted absent a showing of prejudice.  *Mascitti v. Thaler*, 416 Fed. Appx. 411, 415 (5th Cir. 2011)(citing *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) and *Simpson v. Ortiz*, 995 F.2d 606, 609 (5th Cir. 1993)). Thus, Petitioner has failed to allege violation of a constitutional right based on inadequate notice of the disciplinary charges made against him.

Because Petitioner chose to not attend the hearing, he cannot complain that he was not allowed to call witnesses or present documentary evidence.  Petitioner does not dispute that he was given a written statement by the fact finder as to the evidence relied on and reasons for the decision.  Accordingly, Petitioner was provided the process he was due under *Wolff*.  Therefore, it is recommended that summary judgment be entered for Respondent.

**B.  Other Causes of Action**

Petitioner argues that prisoners have an expectation of early release on parole and that court interpretations of the applicable parole statutes are unconstitutional. Respondent argues that Petitioner should bring this claim in a § 1983 action rather than this habeas action because resolution of the claim in Petitioner's favor would not necessarily result in a shorter sentence or release from custody.  Respondent is correct.  A prisoner must bring a habeas corpus action if success would necessarily demonstrate the

invalidity of his confinement or its duration.  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82

(2005).  But when an inmate seeks relief that will render invalid the state procedures used

to deny parole eligibility or suitability, the claim is cognizable under § 1983.[5]  *Id.*

Petitioner also contends that he is entitled to restoration of more than 3,500 days

of good time and that a TDCJ directive enacted in 1993 wrongfully divested Respondent

of the discretion to restore forfeited good time to inmates.  Once again, Petitioner is

challenging TDCJ procedures as they relate to the loss and restoration of good time rather

than challenging a decision made in his particular case.  Therefore, this claim should be

dismissed without prejudice from this habeas action and brought pursuant to 42 U.S.C. §

1983.  *Id.*

## C.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."

28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, the

issue of whether he is entitled to a COA will be addressed.  *See Alexander v. Johnson*,

211 F.3d 895, 898 (5th Cir. 2000)(a district court may sua sponte rule on a COA because

"the district court that denies a petitioner relief is in the best position to determine

whether the petitioner has made a substantial showing of a denial of a constitutional right

on the issues before that court.  Further briefing and argument on the very issues the court

has just ruled on would be repetitious.").

---

[5] Petitioner appears to be trying to circumvent the PLRA by bringing claims in this habeas case.  He is a three strikes litigant and barred from proceeding ifp with a § 1983 action pursuant to 28 U.S.C. § 1915(g).

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  *Slack v. Daniel*, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327, 123 S.Ct. at 1034.

A slightly different standard applies when the claims are dismissed on procedural grounds.  In that instance, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 120 S.Ct. at 1604, 529 U.S. at 484 (emphasis added).

In Petitioner's case, it is recommended that his habeas corpus cause of action be dismissed on the merits.  If the district court orders that Petitioner's cause of action be dismissed and Petitioner seeks a COA in order to proceed with his case, it is further recommended that the COA be denied because reasonable jurists would not find it

debatable that Petitioner did not suffer the loss of a liberty interest during his disciplinary hearing.

## RECOMMENDATION

Based on the foregoing, it is recommended that Respondent's motion for summary judgment (D.E. 41) be GRANTED and Petitioner's cause of action for habeas corpus relief be DENIED.  It also is recommended that Petitioner's challenges to TDCJ parole and good-time polices be dismissed without prejudice because such claims are not properly brought in this habeas action.  It is further recommended that any request for a Certificate of Appealability be DENIED.

Respectfully submitted this 19th day of November, 2015.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).