Case 2:15-cv-00184   Document 66   Filed in TXSD on 05/31/16   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
May 31, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |  |
|---|---|---|
| THOMAS EARLY BOONE, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL CASE NO. 2:15-cv-184 |
| WILLIAM STEPHENS, | § § | |
| Respondent. | § § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Petitioner filed this habeas corpus action alleging the denial of his due process rights in the context of a disciplinary conviction. Before the Court is Respondent's motion for summary judgment (D.E. 41) seeking dismissal because the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ) afforded Petitioner all due process rights to which he was entitled.

On November 19, 2015, United States Magistrate Judge B. Janice Ellington issued her Memorandum and Recommendation (M&R, D.E. 47), recommending that Respondent's motion be granted, Petitioner's petition for habeas corpus be denied, and any request for a Certificate of Appealability be denied. Petitioner timely filed his objections (D.E. 48) on November 27, 2015. On December 2, 2015, Petitioner filed supplemental objections (D.E. 49), which this Court deemed timely. D.E. 54. Both sets of objections address the same subject matter, set out and discussed below.

1

First, Petitioner objects to the M&R's finding that there was no constitutional violation based on inadequate notice of the disciplinary charges. Petitioner asserts that his due process rights include a notice of hearing that contains a factual discussion of the events giving rise to the charge and a list of witnesses. Petitioner claims that this information is necessary so that he can marshal his evidence. Petitioner relies on *Wolff v. McDonnell,* 418 U.S. 539 (1974), but *Wolff* requires only that a prisoner receive notice of the charges against him. *Wolff* did not address factual recitations or witness lists. While the TDCJ handbook may require the additional information Petitioner seeks, the failure to follow policies or procedure does not constitute a violation of due process if due process was nonetheless given. D.E. 47, p. 7 (citing *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)). The Court finds that there was no due process violation regarding the notice. Thus, Petitioner's first objection is **OVERRULED.**

Petitioner next objects to the Magistrate Judge's finding that he must show harm for his claim to be successful. D.E. 48, p. 5. In discussing the notice requirement, the Magistrate Judge noted, "Petitioner has not shown how any inadequacy of the notice prejudiced him and a habeas petition cannot be granted absent a showing of prejudice." D.E. 47, p. 8. *See Mascitti v. Thaler,* 416 Fed. App'x. 411, 415 (5th Cir. 2011); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir. 1997); and *Simpson v. Ortiz,* 995 F.2d 606, 609 (5th Cir. 1993). Petitioner's objection is without merit and it is **OVERRULED.**

Petitioner next objects to the M&R's failure to find a constitutional violation when he was denied the right to attend the hearing. Petitioner appears to take issue with the Magistrate Judge's finding that he chose not to attend the disciplinary hearing (D.E. 47,

p. 8) and that the hearing took place at the McConnell Unit (D.E. 48, p. 6).[1] Petitioner states that he told counsel substitute that he wanted to attend the hearing and asked for a stay or continuance. D.E. 48, pp. 3–4. However, the 147-MA form (D.E. 40-2) indicates that Petitioner declined to attend the hearing. Although disciplinary hearings may be continued or recessed for a reasonable period and for good cause, Petitioner has not demonstrated that he requested a continuance. Accordingly, his objection is **OVERRULED.**

Petitioner asks the Court to consider his responses to the motion for summary judgment. However, objections to M&Rs must be specific, and incorporating responses by reference does not meet the specificity requirements of 28 U.S.C. § 636. *E.g.*, *Turner v. Stephens*, No. 2:15-CV-00379, 2016 WL 705208, at *1 (S.D. Tex. Feb. 23, 2016) (citing *4 B's Realty 1530 CR39, LLC v. Toscano*, 818 F. Supp. 2d 654, 659 (E.D.N.Y. 2011)). Thus, the Court treats Petitioner's reference to his responses to the motion for summary judgment as general objections, and **OVERRULES** them.

Petitioner complains that the M&R does not properly apply *Sandin v. Conner,* 515 U.S. 472 (1995), or applies it out of context. Petitioner argues that the Magistrate Judge's reliance on *Sandin* is misplaced because the disciplinary hearing in *Sandin* did not result in the loss of good time credits or a demotion in "time-earning classification" as it did in his case. D.E. 48, p. 8. The Magistrate Judge cited *Sandin* in discussing the limited instances in which an inmate can make a claim that a liberty interest has been taken without due process. D.E.47, p. 4-5. The M&R did not rely on *Sandin* to

---

[1] The hearing took place at the Ellis Unit, but this error in the M&R did not affect the analysis.

determine that Petitioner's loss of line class and good time claims are without merit. Petitioner's objection is **OVERRULED.**

Petitioner objects to the Magistrate Judge's reference in footnote two (D.E. 47, p. 2) to his additional ten-year sentence for a 1994 conviction of possessing a deadly weapon in a penal institution. D.E. 48, p. 9; D.E. 49, pp.1–2. The Magistrate Judge stated that the ten-year sentence is to be served after completion of the sixty-year sentence, but Petitioner argues that the ten-year sentence has already been served. The ten-year sentence is not the subject of the grievances (D.E. 1-1) before this Court, and this Court thus declines to address it. Because the Magistrate Judge's reference to the consecutive ten-year sentence has no bearing on the result in this case, Petitioner's objection is **OVERRULED.**

Petitioner objects to the Magistrate Judge's statement that he is challenging various parole board procedures, rules, and regulations. D.E. 48, pp. 9–10. Petitioner claims that he is, instead, challenging a parole statute and a particular parole board decision from 1991. Petitioner's objection is successive in that his complaint regarding the parole board decision and the length of his sentence was presented, or could have been presented, in the habeas action filed in 1993 and disposed of by Judge Rosenthal in *Boone v. Collins*, No. H-93-777, *5-6 (S.D. Tex. March 16, 1994).[2] 28 U.S.C. § 2244(a). At any rate, he has not demonstrated that he exhausted administrative remedies and

---

[2] *See also*, Civil Actions H-04-cv-00379 and H-07-cv-02610 filed by Boone to challenge the calculation of his sentence and continued incarceration. The jurisdictional restrictions upon successive habeas applications apply even to claims not presented in the prior petition. *See Graham v. Johnson,* 168 F.3d 762, 774 (5th Cir. 1999) ("[A]n application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised.").

brought the issue timely in this action, which is directed to complaints regarding his disciplinary conviction.

In a second related challenge, Petitioner argues that § 498.004 of the Texas Government Code provides the TDCJ the power and discretion to restore good conduct time. Because the TDCJ adopted a 1993 directive that wrongfully limited that discretion, he argues that he is entitled to the restoration of all of his forfeited good conduct time. Petitioner has presented this issue in a previous habeas petition and is consequently barred from asserting it now. *See Boone v. Quarterman*, 2008 U.S. Dist. LEXIS 66234 (S.D. Tex. Aug. 27, 2008); 28 U.S.C. § 2244. And his claim is foreclosed by *Hallmark v. Johnson,* 118 F.3d 1073 (5th Cir. 1997) (no protected liberty interest in restoration of good time credits which were forfeited due to disciplinary violation, and state directive eliminating correction official's discretion to restore such credits thus did not deprive prisoners of due process and did not violate constitutional *ex post facto* prohibition). For these reasons, Petitioner's objections regarding parole rules or TDCJ's discretion regarding good time are **OVERRULED.**

Petitioner next objects to the Magistrate Judge's finding that the above claims regarding parole and restoration of good time must be brought in a § 1983 action, rather than this habeas action (D.E. 47, pp. 8-9). This Court has already determined that these claims are precluded because Petitioner has not exhausted administrative remedies, the claims are time-barred, jurisdiction is precluded under the statutory bar of second or successive writs and/or the claims are without merit. 28 U.S.C. §§ 2244, 2254. Thus, Petitioner's objection is moot and is **OVERRULED.**

Finally, Petitioner objects to the Magistrate Judge's statement that he does not challenge his holding conviction in his petition, but challenges the results of a disciplinary hearing. (D.E. 47, p. 2). Approximately four and a half months after he filed his habeas petition, Petitioner filed a Special Plea[3] (D.E. 36) and a letter requesting copies of the files from his prior habeas corpus actions filed in the Houston Division of the Southern District of Texas (D.E. 35). Petitioner asserts that he is challenging his holding conviction, but Petitioner did not seek leave to amend his habeas petition as required by Federal Rules of Civil Procedure 15(a)(2). *See* 28 U.S.C. § 2242 (incorporating the rules of civil procedure for amendments and supplementations). While leave to amend is ordinarily freely given, it is appropriately denied in instances such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this instance, the proposed amendment would be futile as the issues sought to be raised are not capable of adjudication due to being unexhausted, time-barred, and/or successive. 28 U.S.C. §§ 2244, 2245. Petitioner's last objection is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R (D.E. 47), as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the

---

[3] "Special Plea in Want of The Courts Jurisdictional Assessment in the Matter of Previous Attempts Within The Courts Southern District to Have Five Sec 2254 Claims Entertained on the Merits All of Which Arise Out of the Same State Court Process in State Cause No. 278834, Boone v. State 629 S.W. 2d 786 (14th Dist. 1981)"

portions of the Magistrate Judge's M&R to which the objections were specifically directed, this Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH PREJUDICE.** In the event that Petitioner seeks a Certificate of Appealability, the request is **DENIED.**

ORDERED this 31st day of May, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE